UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

**FOUR R MARKETING LLC,**
 **Plaintiff,**

**VS.**              **CASE NO. 1:24-cv-01030-SOH**

**MAXUM OIL SERVICE DE PANAMA S.A.,**
 **Defendant.**

## COMPLAINT

Comes Plaintiff Four R Marketing LLC ("Four R"), and for its Complaint against Defendant Maxum Oil Service de Panama S.A. ("Maxum Oil"), seeking recovery of damages arising from Defendant's breach of contractual, statutory, and other legal duties owed to Four R, respectfully alleges, as follows:

### INTRODUCTION

1.

In this action, Four R seeks to recover more than $2.5 million due and owed on an open account since May 2023, under a purchase order issued by Maxum Oil to Four R for delivery of petroleum product (Purchase Order PAN-23-039), and Four R's invoice related to the same (Invoice #46260). After Four R delivered the product, Maxum Oil did not pay Four R the amount due and instead negligently wired the equivalent of the balance owed to a hacker's bank account following an email phishing scam clearly evincing fraud. Since discovering the fraud, Maxum Oil and its corporate parent, Belle Chasse Marine Transportation, LLC, have consistently stalled and impeded Four R's efforts to recover the misdirected funds, failing to promptly inform relevant United States and Panama authorities, failing to promptly cooperate with internal bank investigations, and failing even to promptly inform Four R when Maxum Oil purportedly

recovered a portion of the fraudulent transfer from its bank in three separate installments (totaling ($232,021.26) between September 2023 and March 2024. Despite repeated demands, nearly one year later Maxum Oil still has not paid the balance due for Invoice #46260.

## PARTIES

2.

Plaintiff Four R Marketing LLC is an Arkansas limited liability company with its principal place of business in Ouachita County, Arkansas. At all relevant times, Four R operated through its Arkansas-based members and managers, Amy Wilson and Roger Wilson, and its employees.

3.

Defendant Maxum Oil Service de Panama S.A. ("Maxum Oil") is a Panama corporation with its principal place of business in Panama City, Panama. Maxum Oil's principals and executive officers include Gordon "Rob" Konrad and Shawn Konrad. Maxum Oil, through its principals, executive officers, and other employees set forth herein regularly solicits and conducts business in Arkansas, including with Four R. Maxum Oil is a 100% wholly owned subsidiary of related non-party Belle Chasse Marine Transportation, LLC.

4.

Related non-party Belle Chasse Marine Transportation, LLC ("Belle Chasse Marine") is a Louisiana limited liability company with its principal place of business in Jefferson Parish, Louisiana. Belle Chasse Marine operates through its members and managers, Rob Konrad and Shawn Konrad, and its employees, and, from time-to-time, through the employees of Maxum Oil. On information and belief, Belle Chasse Marine, through its members, managers, and employees, and through the employees of Maxum Oil, regularly solicits and conducts business in Arkansas, including with Four R and Four R-related companies.

## JURISDICTION AND VENUE

5.

Subject matter jurisdiction is established under 28 U.S.C. § 1332. There is complete diversity of citizenship, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

6.

Personal jurisdiction over Maxum Oil is established because, as outlined herein, Maxum Oil regularly transacts and solicits business in Arkansas, including with Four R; contracts to purchase petroleum products from Four R in Arkansas; has caused damages to Four R at issue in this action as the result of specific acts and omissions directed to Arkansas; has caused damages to Four R in Arkansas as the result of acts and omissions committed outside of Arkansas; and otherwise maintains minimum contacts with Arkansas such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.

7.

Venue is appropriate pursuant to 28 U.S.C. § 1391 because, as outlined herein, a substantial part of the events and omissions giving rise to Four R's claims for damages occurred in Ouachita County, Arkansas, which is encompassed by the El Dorado Division of the U.S. District Court for the Western District of Arkansas. 28 U.S.C. § 83(b)(2).

## FACTUAL ALLEGATIONS

8.

Four R is an Arkansas minority women-owned business formed in 2007 to engage in the manufacture, purchase, sale, and distribution of petroleum products. Four R sells over 30 million gallons of oils, waxes and chemicals each year from its operational base in Smackover, Arkansas.

9.

Maxum Oil is a Panama distributor of petroleum products to ocean going vessels traveling through the Panama Canal Area and operates multiple bulk storage locations throughout the Panama Canal Area. Since 2023 Maxum Oil has purchased petroleum products from Four R for distribution in Panama. Four R and Maxum Oil conduct business pursuant to regular purchase orders and invoices payable on a "net 30" basis—i.e., payment due 30 days after Four R's delivery of product to Maxum Oil.

10.

Belle Chasse Marine is a Louisiana company whose business includes wholesaling and distribution of lubricants and commercial petroleum products. Since 2023 Belle Chasse Marine has purchased marine lubricants from Four R for delivery to Houston, Texas. Four R and Belle Chasse Marine conduct business pursuant to regular purchase orders and invoices payable on a "net 30" basis.

11.

The operations and revenues of Maxum Oil and Belle Chasse Marine are closely intertwined. Belle Chasse Marine's members and managers Rob Konrad and Shawn Konrad each also perform executive functions for Maxum Oil: Shawn Konrad is Maxum Oil's President; Rob Konrad is Maxum Oil's General Counsel. Maxum Oil's June 30, 2020 Consolidated Financial Statement, prepared by KPMG Panama and provided to Four R during Four R's initial credit and background check of Maxum Oil (1) identifies Maxum Oil as a "100% wholly owned subsidiary of Belle Chasse Marine"; (2) shows "related party" transactions between Belle Chasse Marine and Maxum Oil exceeding $2 million in 2019 and exceeding $2.5 million in 2020; and, further, (3) discloses that "[d]uring the year Belle Chasse Marine … made payments on behalf of Maxum Oil … to acquire a vessel for USD1,026,313." Further, when negotiating purchases of oil products

from Four R, Belle Chasse Marine and Maxum Oil each operate primarily through Maxum Oil's Manager Pedro Paredes. Additionally, as set forth herein, Belle Chasse Marine intercedes and acts on Maxum Oil's behalf, particularly to avoid potential liabilities arising from Maxum Oil's conduct.

12.

Since 2022, Maxum Oil has intentionally directed its business activities to Four R to negotiate and purchase petroleum products for delivery to Maxum Oil's facilities in the Panama Canal Area. Maxum Oil's communications with Four R have occurred over phone, text, and email, including direct communications to Four R's Arkansas-based principals and employees. Maxum Oil's written communications to Four R are prominently addressed to Four R's operational headquarters at 715 Ouachita Rd 72 in Smackover, Arkansas, as reflected below in a Maxum Oil Purchase Order from February 2023:



13.

In the first Quarter of 2023, Maxum Oil negotiated two substantial purchases of "base stock"—a petroleum product—from Four R, for delivery to Maxum Oil's facilities in Panama. As reflected above, the first of these purchases was negotiated in January 2023, primarily through

PD.45266058.1

Pedro Paredes (under the supervision and subject to approval of Shawn Konrad), resulting in a delivery from Four R to Maxum Oil in mid-March 2023. Maxum Oil executed a Confirmation of Sale for this purchase, which, again, specifically identified Four R's operational headquarters at 715 Ouachita Road 72 in Smackover, Arkansas. The Confirmation of Sale specified the parties' dealings as "Open Account," with Maxum's Oil's payment due "30 Calendar days from BL date."

14.

Beginning in March 2023, Maxum Oil, primarily through Pedro Paredes (under the supervision and subject to approval of Shawn Konrad), negotiated a second purchase from Four R, consisting of 712,140 gallons of base stock, under Purchase Order PAN-23-039. The terms of the sale specified a total price of $2,749,152.79, and delivery to Maxum Oil's bulk storage location at Balboa, Panama in late April 2023. As before, Maxum Oil's Purchase Order PAN-23-039 was addressed to Four R's operational headquarters at 715 Ouachita Rd 72 in Smackover, Arkansas. Purchase Order PAN-23-039 is attached hereto as Exhibit A.



15.

After Purchase Order PAN-23-039 shipped, on April 24, 2023, Four R sent Maxum Oil Invoice #46260 reflecting the same terms as the prior order, and stating a total price of

6

$2,749,152.79 payable on or before May 24, 2023. As reflected below, Invoice #46260 set forth Four R's Smackover address, and wiring instructions specifying Four R's commercial account, at U.S. Bank in North Little Rock, Arkansas. Four R's prior invoicing to Maxum Oil stated the same information, and Maxum Oil did not previously pay Four R other than through wire transfer to 4R's Little Rock-based U.S. Bank account. Invoice #46260 is attached hereto as Exhibit B.

**Four R Marketing LLC**
715 Ouachita Rd 72
Smackover, AR 71762

**Invoice**

| Date | Invoice # |
|---|---|
| 4/24/2023 | 46260 |

**Bill To**
Maxum Oil Service De Panama
Calle Ruben Dario, Office Park Edif. #50
Curundu, Panama City, Panama
Apartado 0843-03119, Balboa - Acon
Panama, Republic of Panama

| Rep | P.O. No. | Terms | Project |
|---|---|---|---|
| Ron | PAN-23-039 | Net 30 | |

| Quantity | Description | Rate | Amount |
|---|---|---|---|
| 91,367.39 | BS 150: 308.68 MT / 91,367.39 Gallons; CIF Balboa, Panama | 4.73 | 432,167.75 |
| 620,773.47 | SN 600: 2059.448 MT / 620,773.47 Gallons; CIF Balboa, Panama | 3.73 | 2,315,485.04 |
| 1 | Cargo Insurance | 1,500.00 | 1,500.00 |

Invoice due by May 24, 2023
We appreciate your prompt payment by wire. Wiring information is as follows:
US Bank
#1 Riverfront Place
North Little Rock, AR 72114
1-888-799-4737, ext 3
Routing/ADA: ▓▓▓▓▓▓
Account: ▓▓▓▓▓▓0693
SWIFT #: usbkus▓▓

16.

Unknown to Four R, on or around May 8, 2023, an unidentified hacker accessed the email account of Four R's Supply & Distribution Manager Hunter Wilson. On May 8, 2023, posing as Mr. Wilson, the unidentified hacker emailed Maxum Oil's Import/Export Supervisor Edith Perez stating that Four R needed to "update" its bank account information. In the same email, the unidentified hacker posing as Mr. Wilson inquired whether Maxum Oil required a particular form before processing this change. Ms. Perez promptly responded to this phishing email, stating "Bank information through your company's letterhead is fine." Hours later, the unidentified hacker, still posing as Mr. Wilson, emailed new bank account information to Ms. Perez, specifying an account at Citibank, N.A., and inquiring whether Ms. Perez needed "anything else" to process the change.

17.

In the ensuing days, and still unknown to Four R, the unidentified hacker posing as Mr. Wilson sent multiple additional emails to Ms. Perez requesting to know whether Four R's bank account information had been "updated" and when to expect payment of Invoice #46260. Despite the unprecedented request to change Four R's bank account information, the odd tone and frequency of the hacker's emails, and the hacker's unusual demand for payment of Invoice #46260 one week before it was due, nobody from Maxum Oil contacted Four R's principals or executives to determine if the request to change bank account information was a scam.

18.

On information and belief, Maxum Oil conducted no investigation whatsoever to determine the authenticity of the hacker's request to change Four R's bank account information. Instead, Ms. Perez repeatedly forwarded the hacker's emails to Maxum Oil's Controller Jorge Faulkner.

19.

On May 17, 2023, without seeking instructions or confirmation from Four R's principals or executives, Mr. Faulkner executed a $2,749,152.79 wire transfer—equal to the full value of unpaid Invoice #46260—from Maxum Oil's commercial account at Panama-based Banistmo, S.A. to the hacker's Citibank account.

20.

Still unaware of the scam, on May 23, 2023, one day before Invoice #46260 was due, Four R's Sales Manager Ron Dever emailed Maxum Oil's Pedro Parades—as was Mr. Dever's custom based on his 15-year business relationship with Mr. Parades and the parties' prior negotiations and dealings—requesting confirmation that Four R would receive payment of Invoice #46260 "this week." Despite Mr. Dever having directed his May 23 email to Mr. Parades, Maxum Oil's Edith Perez intervened, forwarding Mr. Dever's request to Maxum Oil's Jorge Faulkner and requesting that Mr. Faulkner respond to Mr. Dever's email instead of Mr. Parades.

21.

The next morning, May 24, 2023, Mr. Faulkner (or someone purporting to be Mr. Faulkner) responded to Mr. Dever stating that payment would be delayed until the following week due to an internal audit, which prevented Maxum Oil from processing vendor payments. Mr. Dever responded the same day, seeking assurance that Invoice #46260 would be paid by May 31, 2023 so that Four R could "close out [its] books for May." Mr. Faulkner (or someone purporting to be Mr. Faulkner) replied that he would "put in all effort and ensure payment is released to you by next week."

22.

Maxum Oil's Edith Perez and Pedro Parades were each copied to this May 24 email exchange between Mr. Dever and (the purported) Mr. Faulkner, yet failed to interject or otherwise

9

inform Mr. Dever that Maxum Oil had changed Four R's bank account information and wired payment of Invoice #46260 to the hacker's Citibank account one week earlier, on May 17.

23.

Beginning Wednesday, May 31, 2023, and continuing through Friday, June 2, 2023, Four R repeatedly requested updates from Maxum Oil's Jorge Faulkner, Edith Perez, and Pedro Paredes regarding Maxum Oil's anticipated payment of Invoice #46260. Finally, on June 2, Mr. Faulkner responded that Maxum Oil made payment on May 17. Over the course of various ensuing communications Mr. Dever and Four R's Chief Financial Officer Mary Beth Fain confirmed that Four R did not receive any payment to its U.S. Bank account ending in 0693, and Mr. Faulkner confirmed that Maxum Oil wired payment to the hacker's Citibank account instead.

24.

The next day, June 3, 2023, Four R submitted an Internet Crime Complaint to the Federal Bureau of Investigation reporting Maxum Oil's $2.7 million payment to the hacker's Citibank account. Additionally, Four R reported the fraudulent transaction to Citibank, and requested confirmation from Citibank that the funds transferred by Maxum Oil on May 17 were still there. But because Four R did not own the hacker's account, Citibank refused to provide any information regarding the disposition of the funds. Instead, Citibank informed Four R that it would provide information regarding the May 17 wire transfer only at the request of Banistmo, the originator of Maxum Oil's May 17 transfer.

25.

In the ensuing weeks, Four R made repeated requests of Maxum Oil for assistance locating and recovering the $2,749,152.79 from the hacker's Citibank account, to include obtaining Banistmo's cooperation in an investigation of the fraudulent activity, and alerting Panama and United States authorities of the misappropriated funds. Maxum Oil's responses to these requests

were frequently delayed, intermittent, and equivocal. Indeed, rather than promptly respond to the fraud, Maxum Oil took actions that impeded Four R's investigation.

26.

Beginning June 5, 2023—just two days after Four R reported the fraud to the FBI—Ms. Perez was unexpectedly "out of the office" for nearly three weeks (until June 25). Three days later (on June 8), at an in-person meeting at Belle Chasse Marine's office in New Orleans, Louisiana, Belle Chasse Marine's Shawn Konrad and Rob Konrad—who concurrently serve as Maxum Oil's President and General Counsel, respectively—informed Four R that Maxum Oil's email accounts were "clean," and that they would handle the investigation going forward. Thereafter, however, months passed without meaningful assistance from Belle Chasse Marine or Maxum Oil to recover the stolen wire transfer.

27.

On information and belief, Belle Chasse Marine—operating through Shawn Konrad and Rob Konrad—intervened on behalf of Maxum Oil at the outset of the investigation into the fraud to delay and stifle the investigative process, to divert attention from Maxum Oil's role in the fraud, and to avoid a finding of liability that would ultimately impact Maxum Oil's and Belle Chasse Marine's related transactions and accounts.

28.

On August 8, 2023, after two months of delay, Four R's Ron Dever emailed Rob Konrad (copying Shawn Konrad), stating: "At this point Four R Marketing has done all it can. Since Maxum's bank wired the funds on the behalf of Maxum to Citi Bank [sic] and Four R does not bank with Citi Bank, Cita [sic] Bank will not reply to us. Can you confirm if Maxum has filed an FBI IC3 report with the FBI? If not could you please file the report ASAP?" More than three weeks later—on September 2, 2023—Rob Konrad responded, complaining of "no luck with Banistmo,"

and blaming Belle Chasse Marine's and Maxum Oil's inability to gather information regarding the fraudulent wire transfer on Citibank and Banistmo due to each having requested "indemnification" in return. Going further, Rob Konrad stated that Maxum Oil "has been unable to file a report with the Panamanian authorities because they do not believe Maxum is the victim in this matter." Notably omitted from Rob Konrad's September 2 email was any response to Four R's request for confirmation that Belle Chasse Marine and Maxum Oil had (or would) file an FBI report.

29.

Rob Konrad's September 2, 2023 email appears below. Its tone and content are generally reflective of his written communications regarding the investigation into the fraudulent May 17 transfer. Consistent with prior (and subsequent) communications from Rob (and Shawn) Konrad, the September 2 email is sent from a Belle Chasse Marine email address, and lists Rob Konrad's dual roles with both Belle Chasse Marine and Maxum Oil.

> From: Rob Konrad <rob@bcmt.com>
> Sent: Friday, September 1, 2023 3:01 PM
> To: Ron Dever <ron.dever@4roil.com>; Shawn Konrad <shawn@bcmt.com>
> Cc: pparedes@maxumoil.com <pparedes@maxumoil.com>; Roger Wilson <roger.wilson@4roil.com>; Hunter Wilson <hunter.wilson@4roil.com>; Mary Beth Fain <marybeth.fain@4roil.com>
> Subject: RE: Follow Up
>
> Ron,
>
> Unfortunately we continue to have no luck with Banistmo. As I previously advised you, Banistmo will only provide information if we agree to indemnify and release them, which our Panamanian attorney continues to advise against. Also, he has been unable to file a report with the Panamanian authorities because they do not believe Maxum is the victim in this matter. Our Panamanian attorney also submitted a redline draft of Citi's indemnification and release, whereby Maxum would release Citi to the extent dollars are recovered, but Citi rejected it. Short of executing the indemnifications, which our attorney has strongly recommended against, we are unsure how to proceed. Please let us know what you guys think.
>
> Gordon "Rob" Konrad
> Belle Chasse Marine Transportation, LLC
> Maxum Oil Service de Panama
> Director and General Counsel
> 5813 Citrus Blvd.
> Harahan, LA 70123
> www.bcmt.com

30.

On or about April 26, 2024, Maxum Oil paid Four R a lump sum of approximately $232,021.26, which Maxum Oil and Belle Chasse Marine claimed represented a portion of the May 17 wire transfer *returned* to Maxum Oil by Banistmo. Maxum Oil and Belle Chasse Marine further represented that Maxum Oil recovered this sum in three separate transfers, consisting of $32,154.29 on September 14, 2023; $17,498.00 on January 17, 2024; and $182,369.07 on March 13, 2024, respectively. The first notice Maxum Oil and Belle Chasse Marine provided Four R of these transfers came on April 18, 2024, or eight months after Maxum Oil received the September transfer; three months after Maxum Oil received the January transfer; and five weeks after Maxum Oil received the March transfer. Rob Konrad, on behalf of Maxum Oil and Belle Chasse Marine, provided no explanation for this delayed notice and payment, offering instead that he "advised [Maxum Oil's] controller … to let me know sooner if he receives anymore notices from the bank in the future."

31.

Despite repeated demands, to date Four R has not received the balance due for Invoice #46260. At the same time, Belle Chasse Marine and Maxum Oil have continued their business relationship with Four R, periodically purchasing substantially smaller orders from Four R, for domestic delivery to Houston, Texas.

## **CLAIMS**

### **COUNT 1**

**OPEN ACCOUNT: UNPAID INVOICES**
**(Maxum Oil)**

32.

Four R re-alleges and incorporates paragraphs 1-31 by reference.

33.

Four R provided base stock to the Defendant, Maxum Oil on open account with the agreement of Maxum Oil to pay for the product. Maxum Oil has not paid for the product despite demand therefor. Four R is entitled to recover from the Defendant, Maxum Oil, the amount of its open account, $2,749,152.79 *less* $232,021.26, plus applicable interest at the legal rate.

34.

Four R is entitled to recover from the Defendant, Maxum Oil, attorney's fees and costs for recovery of the amount due on its open account. Ark. Code § 16-22-308.

## COUNT 2

### BREACH OF CONTRACT
### (Maxum Oil)

35.

Four R re-alleges and incorporates paragraphs 1-34 by reference.

36.

The product sold to Maxum Oil, and for which Maxum Oil has not paid, was sold pursuant to a valid purchase order and invoice that constituted contracts between the parties.

37.

For each order, Maxum Oil gave Four R a distinct purchase order number, and Four R incorporated these purchase order numbers and referenced them in its invoices. Maxum Oil agreed to pay for the product and has failed to do so despite demand therefor.

38.

Maxum Oil has breached its contract to pay for the product ordered and received from Four R under Purchase Order PAN-23-039 and Invoice #46260.

39.

Four R has been injured by Maxum Oil's breach of its contracts. This injury is the amount that Maxum Oil has not paid on the outstanding invoice, the loss for the diminution of Four R's business, lost future profits, and other losses resulting directly from Maxum Oil's conduct as alleged.

## COUNT 3

**UNIFORM COMMERCIAL CODE ARK. CODE ANN. § 4-2-101,** *et seq.*
**(Maxum Oil)**

40.

Four R re-alleges and incorporates paragraphs 1-39 by reference.

41.

Four R pleads all claims and remedies available under the Uniform Commercial Code-Sales ("UCC"), including but not limited to Ark. Code § 4-2-703 (Seller's remedies in general), Ark. Code § 4-2-709 (Action for the price), and/or its counterpart UCC provision(s) under other applicable state statutory laws.

42.

Four R at all relevant times was a seller of goods. Maxum Oil at all relevant times was a buyer of goods.

43.

Maxum Oil accepted conforming goods under Purchase Order PAN-23-039 and Invoice #46260, yet failed to make payment when it was due.

44.

Four R is entitled to recover the purchase price of the goods and other incidental and consequential damages including costs, expenses and attorney fees as allowed by law.

## COUNT 4

**UNJUST ENRICHMENT**
**(Maxum Oil)**

45.

Four R re-alleges and incorporates paragraphs 1-44 by reference.

46.

Defendant Maxum Oil has been unjustly enriched. Maxum Oil received product from Four R on a valid purchase order and received the benefit of the same, but never paid Four R for the product. Four R reasonably expected to be paid for the product by Maxum Oil. Maxum Oil accepted the product and was aware that Four R was providing the product and that Four R expected to be paid. The value of the property is $2,749,152.79 *less* $232,021.26. Maxum Oil was not entitled to receive the product without payment and in equity and good conscience is required to restore the value of the product to Four R.

47.

Maxum Oil has refused to make Four R whole.

48.

Maxum Oil's actions have injured Four R in the amount of the unpaid invoice, the diminution of Four R's business, lost profits, and other losses directly related to Maxum Oil's actions.

49.

Defendant Maxum Oil cannot enrich itself at the expense of Four R and has been unjustly enriched. Four R is entitled to judgment against Maxum Oil in the amount of $2,749,152.79 *less* $232,021.26.

## COUNT 5

### NEGLIGENCE AND GROSS NEGLIGENCE
### (Maxum Oil)

50.

Four R re-alleges and incorporates paragraphs 1-49 by reference.

51.

Maxum Oil owed a duty of reasonable care to act as an ordinary and prudent business at all times alleged herein.

52.

Maxum Oil breached said duties, and every such breach constituted a negligent and/or grossly negligent act or omission which caused and/or contributed to Four R's injuries and damages. Maxum Oil's negligent and/or grossly negligent conduct prior to discovery of the fraudulent wire transfer includes but is not limited to the following:

a. Negligently accepting the hacker's May 8, 2023 bank account change instructions without conducting any investigation or confirming the accuracy of the change with Four R's principals and executives;

b. Negligently wiring the May 17 transfer to the hacker's Citibank account;

c. Negligently allowing fraudulent a fraudulent transfer exceeding $2.7 million;

d. Negligently failing to train and instruct employees and staff to properly investigate, confirm, and administer bank account change instructions and wire transfers under circumstances evincing fraud;

e. Negligently failing to train and instruct employees and staff to refuse any change to bank account change instructions or wire transfers under circumstances evincing fraud upon or after being put on notice of said fraud;

  f. Negligently failing, prior to the fraudulent transfer, to take reasonable actions to investigate the circumstances at issue here, which demonstrated fraudulent activity; and

  g. Negligently failing to implement policies and procedures to prevent this specific type of fraud.

53.

Maxum Oil's negligent and/or grossly negligent conduct after discovery of the fraudulent wire transfer includes but is not limited to the following:

  a. Negligently failing to direct Banistmo to freeze all funds upon learning of the scam;

  b. Negligently failing to immediately direct Banistmo to conduct an investigation of the fraudulent May 17 wire transfer;

  c. Negligently failing to promptly collect and gather information related to the fraudulent wire transfer and permitting Maxum Oil's Import/Export Supervisor Edith Perez to take a three week leave of absence immediately after Four R reported the fraudulent transfer.

  d. Negligently failing to train and instruct employees with regard to providing information to third parties, including the law enforcement, to prevent fraud or to recover stolen funds; and

  e. Negligently concealing information and failing to provide information concerning the fraudulent transfer to Four R, to bank authorities, and to law enforcement, preventing any real possibility of recovery of the stolen funds.

54.

Maxum Oil's failure to act with reasonable diligence is egregious and amounts to intentional or gross fault, particularly with regard to their deliberate delay of efforts to assist Four R in recovering the stolen funds after the fraud was discovered.

55.

Four R demands all damages incurred as a result of Maxum Oil's negligence.

**JURY DEMAND**

56.

Four R demands a trial by jury on all issues triable to a jury.

**WHEREFORE,** Four R prays that after all proceedings had there be judgment in favor of Four R and against Defendant Maxum Oil Service de Panama S.A. for the amount of $2,749,152.79 *less* $232,021.26, plus interest from the date of the invoice to the date of judgment at the applicable legal rate; plus all damages proved; plus prejudgment interest; plus attorneys' fees and all costs incurred in the prosecution of this action; and for all general and equitable relief to which Four R may be entitled.

Respectfully submitted,

**FRIDAY ELDREDGE & CLARK LLP**

BY:   */s/ William A. Waddell, Jr.*
William A. Waddell, Jr. (Bar #84154)
400 West Capitol Ave.
Suite 2000
Little Rock, Arkansas 72201
Telephone: 501-370-1510
Facsimile: 501-244-5342
Email: waddell@fridayfirm.com

**ATTORNEYS FOR PLAINTIFF FOUR R MARKETING LLC**